# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MUHAMMAD M. BAAITH,
        Appellant,

        v.

DEPARTMENT OF VETERANS
  AFFAIRS,
        Agency.

DOCKET NUMBER
NY-0752-15-0073-I-1

DATE: July 31, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Muhammad M. Baaith, Bronx, New York, pro se.

Erin Conroy, Esquire, Brooklyn, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant filed this Board appeal alleging that he resigned from his position as a housekeeping aide in order to pursue another job opportunity but that he should have been reinstated to his former position after this other opportunity did not work out.  Initial Appeal File (IAF), Tab 1 at 5.  The appellant also stated that he previously had filed an equal employment opportunity (EEO) complaint and that the other job opportunity arose while he awaited a decision on the complaint.  *Id*.  He requested a hearing.  *Id*. at 4.

¶3        The administrative judge issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction.  IAF, Tab 3.  The appellant responded that he had engaged in prior EEO activity, was previously suspended, had money taken out of his paychecks, had previously been transferred to another agency facility, and was denied leave without pay that he requested to pursue the other job opportunity.  IAF, Tab 4.  He also asserted that agency officials suggested that he could return to his employment.  *Id*.  Finally, the appellant stated that, when he reapplied, he was not selected for his prior position.  *Id*.

¶4        In the initial decision, the administrative judge found that the appellant voluntarily resigned because of another employment opportunity, that he made no

claim that the agency improperly accepted his resignation, and that he had no right to restoration.[2] IAF, Tab 5, Initial Decision (ID) at 4-5. Accordingly, he dismissed the appeal for lack of jurisdiction. ID at 5. The appellant filed a timely petition for review in which he states that the initial decision was based on erroneous findings of material fact but offers no other argument. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the petition. PFR File, Tab 4.

¶5    On petition for review, the appellant merely disagrees with the administrative judge's explained findings and, as such, provides no basis to disturb the initial decision. *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987). Furthermore, we agree with the administrative judge that the appellant failed to make a nonfrivolous allegation of jurisdiction. *See* ID at 4-5.

¶6    An employee-initiated action, such as a resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or to show that a reasonable person would have been misled by the agency. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Id.*, ¶ 10. Where the appellant alleges that the agency took actions that made working conditions so intolerable that he was driven to an involuntary resignation, the Board will find an action

---

[2] The administrative judge correctly found that, to the extent that the appellant challenged the agency's decision as a denial of restoration or reinstatement, IAF, Tab 1 at 4, absent a specific right to restoration to duty or reemployment under 5 C.F.R. Parts 352 and 353, there is no right to appeal an agency's decision to deny restoration. *See* IAF, Tab 5, Initial Decision (ID) at 5 (citing *Case v. U.S. Postal Service*, 15 M.S.P.R. 552, 553 (1983)). The administrative judge also correctly stated that the appellant did not claim that the agency improperly denied him the right to withdraw his resignation. *See* ID at 5 (citing 5 C.F.R. § 715.202(b)).

involuntary only if the appellant demonstrates that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in the appellant's position would have felt compelled to resign. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007). The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary resignation only insofar as those allegations relate to the issue of voluntariness. *Id*.

¶7 Here, the appellant alleged that he had filed an EEO complaint, had previously been suspended, had money taken out from his paycheck, was transferred to a different facility, and was denied leave without pay that he requested in order to pursue the other job opportunity.[3] IAF, Tab 1 at 5, Tab 4. We find that the appellant's disagreement with the agency's decisions, such as his transfer to another facility, does not render his resignation involuntary. *See Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121-22 (Fed. Cir. 2013). We also find that the appellant's statement concerning the denial of his leave does not constitute an allegation of intolerable working conditions. *See Searcy*, 114 M.S.P.R. 281, ¶ 13. Lastly, the appellant's vague statements concerning his EEO activity and alleged discrimination do not cast doubt on the presumption of voluntariness. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶¶ 16-17 (2009). Thus, we find that the appellant has not alleged intolerable working conditions that caused him to involuntarily resign.

¶8 To the extent that the appellant alleged that the agency misled him into thinking he could be rehired, IAF, Tab 4, his bare allegations do not support a finding that his resignation was the result of agency misinformation. *See Axsom*, 110 M.S.P.R. 605, ¶¶ 20-21. Accordingly, because the appellant did not

---

[3] Although the appellant alleged that the agency took money out of his paycheck, IAF, Tab 4, it appears from the final agency decision concerning his EEO complaint that at least some of the money was related to his leave usage and that he admitted that this issue was corrected, IAF, Tab 1 at 21-22.

make a nonfrivolous allegation casting doubt on the presumption that his resignation was voluntary, we conclude that the administrative judge properly denied his request for a hearing and properly dismissed his appeal for lack of jurisdiction.[4]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[4] To the extent that the appellant attempted to appeal his nonselection to his former job, an unsuccessful candidate for a Federal civil service job generally has no right to appeal his nonselection.  *Upshaw v. Consumer Product Safety Commission*, 111 M.S.P.R. 236, ¶ 7 (2009).  Ordinarily, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).  The fact that the administrative judge did not provide *Burgess* notice concerning a possible nonselection claim did not prejudice the appellant's substantive rights, however, because the Board clearly lacks jurisdiction over general nonselection claims.  *See Richards v. Office of Personnel Management*, 97 M.S.P.R. 291, ¶ 7 (2004) (finding harmless the failure to provide *Burgess* notice where the appellant was challenging a decision regarding life insurance, a matter over which the Board clearly lacked jurisdiction).  Therefore, we find that any error in failing to address a possible nonselection claim or in failing to provide *Burgess* notice on that issue is harmless.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.